Bellacosa, J.
(dissenting). We respectfully dissent and vote to reverse and reinstate the Supreme Court judgment granting the petition.
Petitioner Hanchard, a licensed architect, was employed as a Development Administrator from 1982 until his termination in 1991 by the Facilities Development Corporation (FDC), a New York State public benefit corporation. In 1987, following a number of favorable review evaluations, Hanchard received a "needs improvement” evaluation for the first time. He received further unfavorable work performance evaluations in 1988 and 1989. Upon receipt of his job evaluation for 1989, Hanchard refused to discuss the matter with his supervisor.
Twice in early 1991, Hanchard’s supervisor sent various reports to FDC’s Human Resources Manager, the Affirmative Action Officer and the Deputy Executive Director, indicating the problems with Hanchard’s work and attitude. Hanchard was notified of the existence of these reports, but refused to accept or discuss the reports. On May 15, 1991, Hanchard’s supervisor prepared a memorandum for her supervisor detailing Hanchard’s work performance and concluded that he was *646 performing unsatisfactorily. She recommended Hanchard’s "immediate termination,” adding that his two-week notice be served as vacation to avoid office disruption by his presence at work. The report was signed and approved by several superiors.
On June 13, 1991, the Human Resources Manager drafted a termination letter charging Hanchard with being "materially deficient in [his] work” and informing him that his employment was being terminated effective June 28, 1991. On June 14, at the close of business, Hanchard was orally notified of the contents of the termination letter and was instructed that his services were no longer desired. He was directed to immediately vacate the premises and informed that he must schedule an appointment to retrieve his personal belongings. Because he refused to accept the termination letter, it was ultimately mailed to his home.
Hanchard promptly commenced this CPLR article 78 proceeding to set aside the determination firing him. He sought reinstatement with back pay and other incidental benefits. Supreme Court granted the petition, finding that Hanchard was a "covered employee” as set forth in the Employee Handbook, and that he was terminated in violation of the employer’s rules and policies "as outlined in the Employee Handbook”. The court also rejected FDC’s assertion that Hanchard had failed to exhaust all administrative remedies by failing to request a hearing. The Appellate Division, by a vote of 3 to 2, reversed and dismissed the petition.
The dispositive focus given to this appeal is "whether respondent substantially abided by its own policies in terminating petitioner’s employment.” (Majority opn, at 642.) The majority additionally or alternatively concludes "that respondent’s actions are not subject to annulment as arbitrary and capricious” (majority opn, at 643).
We respectfully suggest that the dispositive framework is incomplete and fails to take account of the termination procedures that the FDC avoided or evaded in this case. The complete assessment requires examination as to whether the termination procedures actually executed in discharging Hanchard fell materially short of the express limitations and employee protections contained in the written Employee Handbook (see, e.g., Murphy v American Home Prods. Corp., 58 NY2d 293). That is the full issue, in our view.
According to the "Part II Progressive Disciplinary Proce *647 dures” contained in FDC’s Employee Handbook, an employee with five years of full-time services is designated a "covered individual”. Hanchard, who worked for FDC for nine years, is unquestionably a "covered individual”. He was thus entitled, at least, to "be advised in writing” of the charges, together with notice of "the penalty the corporation proposes to impose” (emphasis added). The disciplinary procedure further grants a covered, charged employee the opportunity "to submit an answer to such allegations.” The employee has the option to accept the discipline proposed, by writing the word "accepted” on the written charge, dated and signed, or to request a hearing to challenge the charges. If the manual-prescribed hearing is invoked and the employee is then found guilty of the charges, the employee also may appeal the decision to the board of directors.
Not one of those protocols or protections was allowed by the employer in this case. FDC compressed the entire transaction into a one-step event: notice of charges, act of firing and expulsion from the employment premises. The termination notification and expulsion cut off any realistic opportunity for Hanchard to respond to the charges or to the proposed discipline. Specifically, the letter declared that "[t]he gravity of these matters as well as the number of projects where you have exhibited continual performance problems * * * require the termination of your employment effective June 28, 1991.” The letter added that FDC was not in need of Hanchard’s services during his two vacation weeks and functionally fired him on the spot that afternoon in one fell swoop. He was not notified of charges and the "propose[d]” discipline, as required by the progressive disciplinary procedures. Moreover, rather than being simply a charging letter, as the majority has characterized it, the letter functionally and formally wiped out Hanchard’s right to a hearing to challenge any charges and separated him once and for all from his job and the employment site. The Handbook protections and factual circumstances of this case provide no reasonable basis to conclude that FDC came anywhere near compliance with its own written disciplinary procedures.
A word is also necessary on the proposition tendered to exempt FDC from applying the Handbook’s protections to Hanchard at all. The introductory provision of the "Part II Progressive Disciplinary Procedures,” entitled "Prerequisite Language,” states that the procedures "applying to 'covered individuals’ do not exempt covered status employees from *648 discipline in any case in which the employee has been found to be incompetent or materially deficient in performance * * * so long as the procedures outlined in [respondent’s] Disciplinary Procedures dated June 4, 1987, are also being utilized” (majority opn, at 643 [emphasis ours]).
The argument advanced by FDC, that the 1988 and 1989 disciplinary procedures, which entitle a covered employee to prior notice and a hearing before termination, are not applicable to covered employees found to be "materially deficient in performance,” does not withstand analysis. The proper meaning of this provision is that FDC may discipline a covered employee for materially deficient performance only when it has followed both the progressive disciplinary procedures outlined in the 1987 Employee Handbook and the progressive disciplinary procedures contained in the 1988 and 1989 Handbook amendments. Thus, a covered employee, like Hanchard, internally charged with materially deficient performance, is entitled to two distinct disciplinary protocols upon being given notice of disciplinary charges — counseling under the 1987 procedures and notice with a right to a manual-prescribed hearing under the 1988 and 1989 covenants — before discipline can be imposed. FDC failed in all respects, and Supreme Court’s judgment granting Hanchard’s petition should thus be reinstated.
The employer’s June 13 "firing letter” and coordinated actions associated with Hanchard’s expulsion from the employment premises fell materially short of FDC’s own rules of procedure. Invocation of rights by this already fired employee was not only futile at that point, but entirely pointless and frustrated by the fully executed firing. The Handbook’s protections, in word and function, temporally pertain to prefiring circumstances, not postfiring reinstatement. FDC acted definitively to insure that the firing in this case was already a formal fait accompli before Hanchard could do anything but depart.
Chief Judge Kaye and Judges Simons and Levine concur with Judge Titone; Judge Bellacosa dissents and votes to reverse in a separate opinion in which Judges Smith and Ciparick concur.
Order affirmed, with costs.